UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                  CASE NO. 24-cr-00092

VERSUS                                    JUDGE DONALD E. WALTER

LAWRENCE LATRELL DOMINIQUE (01)     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Lawrence Latrell Dominique ("Defendant") is charged with one count of possession of a firearm by a convicted felon. The charge arises out of a search of Defendant's residence by Louisiana Probation and Parole officers. Before the court is Defendant's Motion to Suppress (Doc. 25). Defendant argues that all evidence seized as a result of the search should be suppressed because (1) the search exceeded the permissible scope of a home visit by probation and parole officers and (2) the officers did not have reasonable suspicion for a search. For the reasons that follow, it is recommended that the motion be denied.

**Relevant Facts**

A hearing was held on the motion to suppress. The following facts were established by credible testimony. Defendant is on parole for aggravated flight from an officer and simple burglary. Tr. 6. Officer Ayleen Cook is the Probation and Parole Specialist assigned to be the officer for Defendant. Tr. 4. As part of his parole, Defendant is not allowed to possess or own a firearm, ammunition, silencer, or similar weapon. Tr. 7.

Defendant acknowledged this restriction when he first reviewed and signed paperwork related to his parole conditions. Tr. 5. Defendant signed a form representing that he did not have a firearm or other weapon at his residence and did not disclose owning any firearms. Tr. 8. Defendant was also made aware that he could be subjected to searches at his residence as part of the supervision. Tr. 9.

On November 30, 2023, the probation office received a tip that Defendant may be in possession of a firearm evidenced by photos posted on his social media. Tr. 10. Officer Cook reviewed Defendant's social media and the posted photos. One photo showed Defendant with a gun in his waistband. Tr. 11. Based on the photos, Cook and six other officers decided to search Defendant's home. Tr. 12.

The officers arrived at the address Defendant listed in his file. Cook and Supervisor Walker knocked on the front door. Defendant's mother answered the door. The officers asked if Defendant was home, and she said he was. The officers could see Defendant standing in the living room. The officers told Defendant they needed to get a urine drug screen. One of the officers conducted the drug screen while the other officers looked around the house. Tr. 13.

The officers found a magazine and a sight for a gun in a closet across from the front door. Tr. 14. An officer read Defendant his <u>Miranda</u> rights, and Officer Cook placed Defendant in handcuffs for officer safety. The officers planned to have Defendant sit on the couch while they conducted the rest of their search. One of the officers cleared the couch for weapons and found a gun with an extended magazine behind a cushion. Tr. 15-16. Defendant's mother yelled, "How dare you bring that in my house. What are you

Page 2 of 3

thinking?" and tried to run toward Defendant. Officers separated her from Defendant and continued their search. Tr. 16.

Officers found a second gun in the mesh pocket of a bag. Defendant's mother said that the gun was hers that she took to the gym with her. Tr. 16-17. Officers transported Defendant to the Bossier Maximum Security Facility. Defendant did not give any statements at that time. Tr. 17.

Later the same day, Officer Cook was at the facility booking another parolee. Defendant was on the phone in the booking area. Cook heard him tell the person on the phone, "You better hide your stuff. They came 10 deep and got me there after everyone." Tr. 17-18.

**The Motion to Suppress**

Defendant argues that the search of his residence exceeded the scope of a home visit by Probation and Parole and therefore must be supported by reasonable suspicion. Defendant asserts that there was no reasonable suspicion for the search, and that all evidence seized must be suppressed. Defendant further argues that any statements he made after the search must be suppressed as fruit of the poisonous tree.

**Law and Analysis**

It is well settled that parolees and probationers "do not enjoy the absolute liberty to which every citizen is entitled, but only … conditional liberty properly dependent on observance of special restrictions." Griffin v. Wisconsin, 483 U.S. 868, 874 (1987). On the continuum of state-imposed punishments, "parolees have fewer expectations of privacy

Page 3 of 4

than probationers, because parole is more akin to imprisonment than probation is to imprisonment." Samson v. California, 547 U.S. 843, 850 (2006).

The Supreme Court has held that a warrantless non-consensual search of a probationer's residence on the basis of a reasonable suspicion does not violate the Fourth Amendment. Samson, 547 U.S. at 850 (upholding a warrantless non-consensual search of a probationer's home on less than probable cause when a state regulation authorized warrantless searches by probation officers upon reasonable suspicion); see also United States v. Knights, 534 U.S. 112, (2001) (upholding a warrantless non-consensual search of a probationer's home based on reasonable suspicion when the probationer agreed to searches as a condition of probation).

"[R]easonable suspicion requires no more than that the authority acting be able to point to specific and articulable facts that, taken together with rational inferences from those facts, reasonably warrant a belief in the conclusion … that a condition of parole has been or is being violated." United States v. Scott, 678 F.2d 32, 35 (5th Cir. 1982), citing Terry v. Ohio, 392 U.S. 1 (1968). Actions taken by an officer based on a reasonable suspicion are permissible even if the officer has made a good faith mistake of fact or law. Heien v. North Carolina, 135 S.Ct. 530, 539 (2014).

Probation officers received information that Defendant had recently posted photos on his social media that depicted him in possession of a firearm. Tr. 10. Officer Cook verified the information by looking at Defendant's social media, where he had recently posted a photo that showed him with a gun in his waistband. Tr. 11.

Defendant argues that the officers could not have known when the photos were taken and that there was no evidence presented that the photos were taken after Defendant was placed on parole. "Reasonable suspicion is a low threshold, requiring that an official have 'some minimal level of objective justification.'" United States v. Castillo, 804 F.3d 361, 367 (5th Cir. 2015). Although the officers could not tell when the photos had been taken, they did observe that the photos had been recently posted when they were alerted to them. Based on the recently posted photos of Defendant with a gun in his possession, the officers had reasonable suspicion to conduct a warrantless search of Defendant's residence.

Accordingly,

It is recommended that Defendant's Motion to Suppress (Doc. 25) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415

(5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of October,

2024. .

_____

Mark L. Hornsby
U.S. Magistrate Judge